UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-24857-CIV-ALTONAGA/Goodman

**MARIA SANTANA**,

    Plaintiff,
v.

**GALLERIA FARMS, LLC**,

    Defendant.
_____/

**FIRST AMENDED COMPLAINT**

Plaintiff, MARIA SANTANA, by and through the undersigned counsel, hereby sues Defendants, GALLERIA FARMS, LLC and GERMAN M. VALENCIA (collectively "Defendants"), and in support thereof avers as follows:

**GENERAL ALLEGATIONS**

1. This is an action by the Plaintiff for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, GALLERIA FARMS, LLC, is a Florida Limited Liability Company, conducting business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, GERMAN M. VALENCIA, is a corporate officer of, and exercised operational control over the activities of corporate Defendant, GALLERIA FARMS, LLC.

6. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due and owing in Miami-Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff performed work for Defendants as a non-exempt Collections/Account Receivable Specialist from, on or about, October 2008 through, on or about, July 23, 2018.

10. Throughout Plaintiff's employment with Defendants, Defendants misclassified Plaintiff as an overtime exempt employee. As a result, Defendants failed to pay Plaintiff at the proper overtime rate for each hour worked in excess of forty in a given workweek.

11. Throughout Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours per week.

12. Plaintiff seeks the following damages:

    a. <u>Total amount of alleged unpaid Overtime wages</u>:

    $43,679.20 (Liquidated)

    b. <u>Calculation of such wages</u>:

    Plaintiff was paid at an annual salary of $48,000.00 during her employment that spanned from October 2008 until July 23, 2018 but was not properly compensated for overtime wages for the hours that she worked in excess of 40 hours per week. During the relevant time period (October 30, 2015 until July 23, 2018), Plaintiff worked approximately sixty hours per week. As such, Plaintiff seeks to recover unpaid halftime overtime wages for

these 142 weeks at a rate of $7.69 for each overtime hour worked and attorneys' fees and costs.

c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid halftime overtime wages and liquidated damages.

d. <u>Calculation Chart</u>

| HALFTIME OVERTIME RATE | OVERTIME HOURS WORKED | OT RATE X OT HOURS WORKED | WEEKS WORKED AND NOT PAID OT | TOTAL UNPAID WAGES |
|---|---|---|---|---|
| $7.69 ($48,000.00/52 weeks = $923.08; $923.08/60 hours = $15.38; $15.38/2) | 20 hours | $153.80 | 142 weeks | $21,839.60 |

13. At all times material hereto, Defendants had or should have had full knowledge of all hours worked by Plaintiff.

14. Therefore, Plaintiff was not paid at or above the applicable overtime wage rate during the course of her employment with Defendants.

**COUNT I**
*FLSA Violation Against*
***GALLERIA FARMS, LLC***

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this First Amended Complaint as if set out in full herein.

16. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

17. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state

lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

18. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

19. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

20. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

21. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees;

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

F. Grant Plaintiff a trial by jury

**COUNT II**
*FLSA Violation against*
*GERMAN M. VALENCIA*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this First Amended Complaint as if set out in full herein.

23. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, GALLERIA FARMS, LLC.

24. Defendant was Plaintiff's employer within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of the corporation in relation to its employees, including Plaintiff.

25. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

26. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees;

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

F. Grant Plaintiff a trial by jury

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: December 6, 2018

            Respectfully submitted,

            **REMER & GEORGES-PIERRE, PLLC**
            Courthouse Tower
            44 West Flagler Street, Suite 2200
            Miami, FL 33130
            Telephone: (305)416-5000
            Facsimile: (305)416-5005

            By:**/s/ Brody M. Shulman**
             Jason S. Remer, Esq.
             Fla. Bar No.: 0165580
             Brody M. Shulman, Esq.
             Fla. Bar No.: 092044

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:/s/ **Brody M. Shulman**
Jason S. Remer, Esq.
Fla. Bar No.: 0165580
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**SERVICE LIST:**

Jennifer A. Schwartz, Esq.
E-mail: *Jennifer.schwartz@jacksonlewis.com*

Brandon U. Campbell, Esq.
E-mail: *Brandon.campbell@jacksonlewis.com*

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7651
Facsimile: (305) 373-4466
*Counsel for Defendants*
*Galleria Farms, LLC and GermanM. Valencia*